THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY PETERSON, Defendant-Appellant.

(No. 55585;

First District—January 16, 1973.

Gerald W. Getty, Public Defender, of Chicago, (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Defendant was arrested and charged with the unlawful use of weapons in violation of Ill. Rev. Stat. 1967, ch. 38, par. 24—1. Prior to trial he filed a motion to suppress evidence, which was denied following a hearing by the court. Jury being waived, the court heard the case and found defendant guilty as charged. He was sentenced to serve a term of five years on probation, the first year to be spent in a work release program. The facts follow.

On December 2, 1968, Sgt. John Walsh of the Chicago Police Department received information that a color television set which had been stolen from Yogi's Den could be found at the home of a man named

Ray [or Roy] Peterson. The informer furnished an address where Peterson could be found, and warned the police that Peterson would be carrying a .25 caliber weapon. The informer, whose identity was not revealed, had not previously served Walsh in that capacity.

Sgt. Walsh then investigated and found that a color set was indeed missing from Yogi's Den. After noting the serial number he went to the address provided by the informer, but could find no apartment listed for Peterson. The owner of the building sent him to an apartment leased in the name of Gardner, where he was admitted by the defendant's brother-in-law, Lewis Gardner. Walsh explained his reason for being there, and Gardner allowed him to examine the television set in the front room of the apartment. The serial number was the same as that of the set taken from Yogi's Den. [There was testimony that Gardner told Walsh he had helped Peterson carry the television set into the Gardner apartment.] Walsh then placed Gardner under arrest, and waited for Peterson to arrive at the apartment, since Gardner said he was expecting him. When Peterson arrived he was placed under arrest, and a search of his person disclosed the concealed possession of a .25 caliber pistol.

■■ The defendant filed a motion to suppress physical evidence, and a hearing was held. At the conclusion of the hearing the motion was denied, and the case then proceeded to trial. During the course of the trial the defendant moved to reopen the hearing on the motion to suppress, which was denied. The case was concluded with the court finding defendant guilty as charged. The defendant contends that it was error for the court to deny his motion to suppress evidence of the pistol. He bases this on the assumption that the search could only be made incident to a valid arrest and that in this case there was insufficient probable cause for the arrest. However, when the police officer was admitted to the apartment he found the stolen television set and learned that it was Peterson who had brought it to the apartment. This was sufficient corroboration of the information received, and constituted more than adequate probable cause. Ill. Rev. Stat. 1967, ch. 38, par. 108—1, provides that if there is probable cause for an arrest, subsequent search of defendant's person is justified. The fact that the search started with an informer of unproven reliability is of no consequence where, as here, there is sufficient corroborative evidence.

■■ During the trial defendant sought to reopen the hearing on the motion to suppress, so that Lewis Gardner might be called to testify. Gardner had testified at the trial, but not at the hearing on the motion to suppress. At the trial the hearsay rule would block certain testimony, but if the motion to suppress was reopened he could relate the conversation he had with Sgt. Walsh on the day of defendant's arrest.

Defendant's motion was denied and the defense made an offer of proof that Gardner, if allowed to testify, would say that he never told Sgt. Walsh that he and the defendant carried the television set into the apartment. Defendant contends that this refusal to reopen the motion to suppress was reversible error.

There was ample evidence, aside from Gardner's statement, to corroborate the information received by Sgt. Walsh from the informer, since this evidence was in addition to and not part of the quantum of corroborative evidence necessary to justify the arrest. As the offer of proof of Gardner's testimony went only to Gardner's statement to Sgt. Walsh, we find no error in the trial court's refusal to reopen the hearing on the motion to suppress.

Judgment affirmed.

LEIGHTON and McGLOON, JJ., concur.